[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant moves to strike count three of the plaintiff's complaint on the grounds that CUTPA claims are barred under the Product Liability Act, which creates and exclusive remedy for product liability claims and that plaintiff's CUTPA claim is legally insufficient. There is a split in the superior court regarding whether CUTPA claims are barred in products liability actions. See Geissler v. Ford Motor Co., 10 CTLR 618 (February 28, 1994, Dranginis, J.) (court denied motion to strike CUTPA claim in products liability action); but see Stella v. Icicle Seafoods, Inc., 10 CTLR 577 (February 21, 1994, Berger, J.) (court granted motion to strike CUTPA claim, finding that claim was co-extensive with and functionally identical to product liability claim).
Neither the supreme nor appellate court has found that CUTPA claims are barred in products liability actions as a matter of law. Additionally, this case is factually similar to Geissler, supra, 520, in that the plaintiff alleges that the defendants failed to warn users of the known risks of injury involved in the product. In viewing count three in the light most favorable to the plaintiff, a legally sufficient CUTPA claim has been stated.
DEAN, J. CT Page 3479